JOHN STOLARZ, DEFENDANT IN ERROR, v. THE ALGON-
QUIN COMPANY, PLAINTIFF IN ERROR.

Argued June 4, 1908—Decided November 9, 1908.

1. Where injury is caused to a servant from the operation of a dan-
gerous machine, such danger being obvious, a cause of action by
the servant against the master cannot be grounded upon the
negligence of the master in failing to warn such servant of the
danger or to give him instructions regarding the machine, be-
cause in such case both servant and master have equal means of
forming a correct judgment of the danger.
2. The inexperience of a servant must come either actually or by
inference to the knowledge of the master, to charge the master
with the duty of warning the servant, and then it becomes the
duty of the master to warn the servant against such dangers as
the servant is not reasonably expected to know and such as are
not obvious to him.

On error to Passaic Circuit Court.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff in error, *Michael Dunn.*

For the defendant in error, *Lewis A. Allen* and *Andrew
Foulds, Jr.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff, a Pole, unable to speak Eng-
lish, nineteen years of age, was the employe of the defendant
and was injured by having his hand cut in a machine with
cylindrical rollers, in which there were hooks or sharp pro-
truding teeth or nails, used for spinning yarn. He had been
in this country only one week at the time of the injury, and
on the third day of his service to the defendant the accident
happened.

It was his duty when the strands or ropes of yarn broke to
twist them together and feed them into the machine. The

rollers upon which are the nails or teeth are in plain sight and revolve slowly, say three and one-half turns a minute. So far as the rollers are concerned, there is no doubt that they were quite obvious. It is admitted that he had never been instructed. He had been working on the day of the accident on the machine from morning. The accident happened at half past eleven.

The plaintiff's description of the accident is that the boss told him to go and fix a broken rope of yarn that ought to go through the machine. He went to the machine and tried to adjust the rope. He was a little distance off and he stretched himself out and was caught between the rollers. He made an attempt to put the end in but was too far distant, and his hand got caught in the machine.

A nonsuit should have been granted. While there was evidence that the master had notice through his agent who hired the plaintiff that the servant was inexperienced, a "greenhorn," and there were also other indications of such inexperience, more or less obvious, namely, his inability to speak the language and the fact that he was under age, yet the danger was a perfectly obvious one.

The plaintiff must be chargeable with the fact that two revolving drums intended to draw in between them yarn, will, if his hand comes in contact with them, draw that in also and injure it. The plaintiff's testimony also discloses that he knew that there was such danger in coming in contact with these revolving parts. So it is quite clear that the plaintiff's injury did not result from any latent or concealed danger, or one unknown to him.

The injury, therefore, is not traceable to any asserted negligence of the master for failing to warn the servant or to give him instructions.

The case is quite like *Mika* v. *Passaic Print Works*, 47 *Vroom* 561, where a servant's hand being caught between two revolving cylinders, in plain sight, it was held that if the master was negligent in failing to instruct the servant in the operation of the machine, the injury was not due to such

neglect, for both servant and master had equal means of forming a correct judgment of the danger.

Error is also assigned upon that portion of the charge of the court declaring "where persons without experience in the use of machinery of a dangerous character are employed it is the duty of the employer to give notice and warning against these dangers to which the employe is exposed." This is too broad. Inexperience must have come either actually or by inference to the knowledge of the master, and then the dangers to be warned against must be such as the employe is not reasonably expected to know, or as are not obvious to him.

The judgment is reversed and a *venire de novo* ordered.